# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ALEXANDER VARGAS, ZENIR LEON** | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| **v.** | § | **No. 1:23-cv-00289-RP** |
| | § | |
| | § | |
| **MARTIN EREVIA, BUILDERS CONSTRUCTION SERVICES, LLC** | § | |
| | § | |
| | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiffs Alexander Vargas and Zenir Leon's Motion for Default Judgment, Dkt. 27. After reviewing Plaintiffs' motion and the relevant caselaw, the undersigned recommends that the motion be granted.

## I.      BACKGROUND

This case concerns claims of unpaid overtime wages and unpaid minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. *See* Dkt. 10, at 1. Both Plaintiffs were employed in 2022 by Defendant Builders Construction Services, LLC ("BCS"), a construction business. *Id.* at 3.[1] Plaintiff Vargas began work on or before July 2022, and continued until October 15, 2022, at

---

[1] Because Defendants have not filed a responsive pleading, there are no issues of material fact, and the undersigned will accept Plaintiffs' version of the facts as true. *Atain Specialty Ins. Co. v. Crown Inn, Inc.*, No. MO:18-CV-143-DC, 2020 WL 13401729, at *2 (W.D. Tex. Feb. 22, 2020).

an average of 66 hours per week. *Id.* Plaintiff Leon began working for BCS on or before January 2022, and worked through July 2022, at an average of 78 hours per week. *Id.* at 6. Both individuals claim that they were paid at a rate of $2.85 an hour and were not provided overtime compensation for work in excess of 40 hours per week. *Id.* at 3, 6. Both claim that Defendant Martin Erevia controlled their schedules, supervised them, set their rate of pay, and had the power to hire and fire them. *Id.* at 2.

Plaintiffs' Amended Complaint, Dkt. 10, was filed on April 12, 2023, and Defendants were served on June 26, 2023. Dkt. 21. Defendants failed to timely answer and Plaintiffs moved for entry of default on July 31, 2023. *See* Dkt. 23. Default was entered against Defendants on August 1, 2023. Dkt. 27, at 1. None of the Defendants in this case have entered an appearance in this lawsuit. *Id.* at 24. Plaintiffs now request that the Court enter a default judgment against the Defendants. *Id.* at 1.

## II.    LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather,

a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering Plaintiffs' motion, the Court must determine: (1) whether a default judgment is procedurally warranted; (2) whether Plaintiffs' complaint sets forth facts sufficient to establish that they are entitled to relief; and (3) what form of relief, if any, Plaintiffs should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

## III.   DISCUSSION

### A.   Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "(1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Defendants. Because Defendants have not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the

3

plaintiff's well-pleaded allegations of fact."). Defendants' failure to appear and respond has ground the adversary process to a halt, prejudicing Plaintiffs' interest in pursuing their claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: Defendants were properly served, did not answer the complaint by the answer deadline, and have failed to appear and participate at all. *See* Dkt. 27, at 1; Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring Defendants to serve an answer within 21 days after being served with the summons and complaint). There is no indication that the default was caused by a good faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

### B. Sufficiency of Plaintiffs' Complaint

Default judgment is proper only if the well-pleaded factual allegations in Plaintiffs' complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"To state an FLSA claim, an employee must plead that the employee is covered by the FLSA and that the employer failed to pay the FLSA-required wages." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 786 (5th Cir. 2020). As noted, Plaintiffs' claim that they were paid $2.85 per hour without compensation for overtime hours is deemed to be true by Defendants' default. Further, Plaintiffs pleaded sufficient facts to establish an employer-employee relationship under the Fifth Circuit's "economic reality" test. *See* Dkt. 10, at 2; *Flores v. FS Blinds, L.L.C.*, 73 F.4th 356, 365 (5th Cir. 2023) (quoting *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019). Accordingly, the undersigned finds that Plaintiffs have adequately pleaded their Fair Labor Standards Act claim.

### C.    Damages

The FLSA authorizes plaintiffs to recover "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). A plaintiff's declaration is sufficient to establish damages under the FLSA. *McIntyre v. Collin Bryan Constr. LLC*, No. 3:22-CV-1267-K, 2023 WL 3259754, at *6 (N.D. Tex. Apr. 19,

2023), *report and recommendation adopted*, No. 3:22-CV-1267-K, 2023 WL 3259493 (N.D. Tex. May 4, 2023). That is particularly necessary here, since Plaintiffs claim that Defendants "failed to keep proper records tracking Plaintiffs' time worked." Dkt. 10, at 3, 6. "[W]hen employers violate their statutory duty to keep proper records, and employees thereby have no way to establish the time spent doing uncompensated work, the remedial nature of the FLSA and the great public policy which it embodies militate against making the burden of proving uncompensated work an impossible hurdle for the employee." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 456 (2016) (quotation omitted, cleaned up).

In their motion for default judgment, Plaintiffs allege that they were paid $2.85 per hour of work, without any overtime pay. Dkt. 27, at 5, 11. Plaintiffs are owed a minimum wage of $7.25. *See* 29 U.S.C. § 206(a). The undersigned calculates the dollar amount that Plaintiffs were underpaid by subtracting their hourly rate from the statutorily required minimum wage ($7.25 – $2.85 = $4.40).

And Plaintiffs were not compensated for the hours they worked in excess of 40 each week. Dkt. 27, at 5, 11. They are owed a minimum of one and one-half times (1.5x) their regular rate for hours over 40. *See* 29 U.S.C. 207(a)(2). Because the regular rate for Plaintiffs' overtime hours is included in the minimum wages calculation, the undersigned calculates the unpaid overtime compensation by multiplying the unpaid one-half (.5) by the minimum wage Plaintiffs are entitled to by statute ($7.25 minimum wage x .5 = $3.625 unpaid overtime compensation).

1.      Plaintiffs' actual damages

Vargas alleges that he worked for Defendants from July 3, 2022, to October 15, 2022 (16 weeks), at an average of 66 hours per week. Dkt. 27, at 5, 8. Vargas specifies that he seeks: (1) $4,646.40 in unpaid minimum wage (66 hours/week x 16 weeks x $4.40 unpaid minimum wages = $4,646.40); and (2) $1,508 in unpaid overtime (26 hours/week x 16 weeks x $3.625 unpaid overtime = $1,508). The evidence supports a finding that Vargas was not paid the minimum wage or overtime compensation for the hours he worked during those months. Therefore, the undersigned recommends that Plaintiff Vargas be awarded actual damages in the amount of $6,154.40.

Leon alleges he worked for Defendants from January 2, 2022, to July 3, 2022 (27 weeks), at an average of 78 hours per week. Dkt. 27, at 11, 14. Leon specifies that he seeks: (1) $9,266.40 in unpaid minimum wage (78 hours/week x 27 weeks x $4.40 unpaid minimum wages = $9,266.40); and (2) $3,719.25 in unpaid overtime (38 hours/week x 27 weeks x $3.625 unpaid overtime = $3,719.25). The evidence supports a finding that Leon was not paid the minimum wage or overtime compensation for the hours he worked for those months. Therefore, the undersigned recommends that Plaintiff Leon be awarded actual damages in the amount of $12,985.65.

2.      Liquidated damages

In addition to the actual damages Plaintiffs request an equal amount of in liquidated damages under 29 U.S.C. § 216(b). Under the FLSA, "[l]iquidated damages double the total damages awarded." *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 246 n.13 (5th Cir. 2016). Upon finding Defendants liable for the unpaid minimum

wages and unpaid overtime compensation, the undersigned has limited discretion to deny Plaintiff's request for liquidated damages; 29 U.S.C. § 216(b) *mandates* an award of liquidated damages in equal amount against employers who violate the overtime compensation and minimum wage provisions of the FLSA. *See Singer v. City of Waco*, 324 F.3d 813, 822 (5th Cir. 2003) (overtime compensation); *see also Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 267 (5th Cir. 1998) (unpaid wages). Section 260 of Title 29 qualifies this mandate, allowing courts to decline or reduce this amount if the employer can prove "that [their] acts giving rise to the suit are both in good faith and reasonable." *Steele*, 826 F.3d at 246. However, when an employer does not act in good faith, it is "an abuse of discretion [for] the district court [to] *not* award[] liquidated damages." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999).

The Defendants' failure to appear necessarily means they failed to meet their burden of proof. *D'Costa v. Abacus FoodMart Inc.*, No. 4:21-CV-04031, 2023 WL 1094019, at *5 (S.D. Tex. Jan. 26, 2023), *report and recommendation adopted*, No. 4:21-CV-04031, 2023 WL 2088424 (S.D. Tex. Feb. 13, 2023). Therefore, the undersigned finds good cause to award the liquidated damages requested.

In sum, the undersigned concludes that Vargas has sufficiently demonstrated that he should be awarded damages in the amount of $12,308.80 in unpaid minimum wages, unpaid overtime compensation, and liquidated damages for Defendants' violations of the FLSA. Leon has likewise shown that he should be awarded damages in the amount of $25,971.30 in unpaid minimum wages, unpaid overtime

compensation, and liquidated damages for Defendants' violations of the FLSA. Accordingly, the undersigned recommends awarding the requested total of $38,280.10 in unpaid minimum wage, unpaid overtime compensation, and liquidated damages to the Plaintiffs.

### 3. Costs and attorneys' fees

Plaintiffs further seek costs, including reasonable attorneys' fees. Dkt. 27, at 2. Under the FLSA, a prevailing plaintiff is entitled to reasonable attorney's fees and costs. *Black*, 732 F.3d at 502 (5th Cir. 2013) (citing 29 U.S.C. 216(b)). To determine appropriate attorney's fees, courts in the Fifth Circuit multiply the reasonable hourly fee by the number of hours reasonably expended on the case to arrive at a "lodestar" figure. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).

The undersigned concludes that Plaintiffs' fee request of $4,460 is warranted. The declaration establishes counsel's $400/hour rate and that it is customary for a labor lawyer with his experience. Dkt. 27, at 16. The declaration states that counsel worked 11.15 hours on the lawsuit, with an itemized breakdown of time per task. *Id.* at 17. Counsel arrived at a fee request of $4,460 ($400/hour x 11.15 hours). Further, the costs of $810 represent an accurate report of the filings. *See id.* Therefore, the undersigned recommends awarding counsel the requested costs and fees of $5,270 ($4,460 attorney's fees + $810 court costs).

Finally, the undersigned recommends granting Plaintiffs the requested post-judgment interest. "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury

yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The weekly average 1-year constant maturity Treasury yield should be determined upon the District Judge's review of this recommendation.

### 4.    Joint and several liability

The undersigned recommends that Defendants be held jointly and severally liable. *See McIntyre v. Collin Bryan Constr. LLC*, No. 3:22-CV-1267-K, 2023 WL 3259754, at *10 (N.D. Tex. Apr. 19, 2023) ("The overwhelming weight of authority holds that an employer is jointly and severally liable under the FLSA for unpaid wages.") (internal citation and quotation marks omitted), *report and recommendation adopted*, No. 3:22-CV-1267-K, 2023 WL 3259493 (N.D. Tex. May 4, 2023); *see also Moreno v. EDCare Mgmt., Inc.*, 243 F.R.D. 258, 259 (W.D. Tex. 2007) ("All entities that are employers within the meaning of the FLSA are jointly and severally liable for all damages that stem from failure to comply with the provisions of the FLSA.").

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Motion for Default Judgment against Defendants. Plaintiffs should be awarded a total of $43,550.10,[2] representing: Vargas' actual and liquidated damages of $12,308.80; Leon's actual and liquidated damages of $25,971.30; attorneys' fees and costs of $5,270 and post-

---

[2]Plaintiffs' total request of $44,000.10 is $450 higher than the sum of their relief requested. *See* Dkt. 27, at 2. The undersigned believes that this is attributable to a scrivener's error calculating $5,720 in attorney's fees, rather than $5,270.

judgment interest at the rates applicable at the time the final judgment is rendered. To the extent that Plaintiffs request an unaccounted for $450 in the total amount, the undersigned **RECOMMENDS** that the District Court **DENY** any relief not accurately accounted for herein. The referral of this case should now be **CANCELED**.

## V.      WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 21, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE